

**SO ORDERED.**

**SIGNED this 03 day of August, 2007.**

_____
**JAMES D. WALKER, JR.
UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| IN RE: ) | CHAPTER 13 |
| ) | CASE NO. 06-52297-JDW |
| EDDIE L. TAPLEY and ) | |
| BRENDA TAPLEY, ) | |
| ) | |
| DEBTORS. ) | |

BEFORE

JAMES D. WALKER, JR.

UNITED STATES BANKRUPTCY JUDGE

COUNSEL

| | |
|---|---|
| For Chapter 13 Trustee: | Camille Hope
Tony Coy
Post Office Box 954
Macon, Georgia 31202 |
| For Fidelity Bank: | Ronald Levine
Stephen H. Block
2270 Resurgens Plaza
945 East Paces Ferry Road
Atlanta, Georgia 30326 |

**MEMORANDUM OPINION**

This matter comes before the Court on Fidelity Bank's Motion to Compel Trustee to Pay Fidelity Bank as Required by Confirmed Chapter 13 Plan. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(A). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

**Findings of Fact**

On November 16, 2006, Debtors Eddie and Brenda Tapley filed a Chapter 13 petition and proposed plan. Debtors proposed to make $300 monthly payments into the plan. The plan provided for pre-confirmation adequate protection payments to secured creditors, including $20 per month to Fidelity Bank. The plan further provided for post-confirmation payments of $171 per month to Fidelity. Finally, the plan provided for payment of $2,500 in fees to Debtors' bankruptcy counsel in accordance with a July 28, 2006, administrative order by this Court.

On January 10, 2007, and February 10, 2007, the Chapter 13 Trustee disbursed adequate protection payments of $20 to Fidelity. The Court confirmed Debtors' plan on February 16, 2007. On March 10, 2007, the Trustee disbursed $782.75 to Debtors' attorney, which represented the accumulation of three plan payments less Trustee fees and adequate protection payments. On April 10, 2007, the Trustee disbursed $284.25 to Debtors' attorney. On each of May 10, June 10, and July 10, 2007, the Trustee disbursed $294.75 to Debtors' attorney. The April through July disbursements each represented one plan payment less Trustee fees; no other

creditors received any payments during this period. The payments to Debtors' attorney from March 10, 2007 to July 10, 2007 totaled $1,951.25.

The Trustee made the disbursements in accordance with her long-standing practice of paying attorneys the first $1,500 paid into the plan before beginning payments to any other creditors.[1] This has been her practice in all plans requiring payment in accordance with the Court's July 28, 2006, administrative order. Fidelity conceded it was aware of this practice at the time of confirmation and did not object to the expected scheme of distribution.

On June 6, 2007, Fidelity filed a motion to compel payment in accordance with the plan. The Court held a hearing on the motion on July 30, 2007. For the reasons that follow, the Court will deny the motion.

## Conclusions of Law

At issue in this case is the interpretation of an administrative order governing payment of Chapter 13 debtor's attorney fees. The order provides in relevant part as follows:

> (a) Upon confirmation of Debtor's Chapter 13 plan and in the first distribution thereunder, the Chapter 13 Trustee (hereinafter, "Trustee") shall be authorized to disburse to Debtor's attorney an amount not to exceed the lesser of $1,500.00 or six (6) times the monthly plan payment (excluding any current house payment in the plan), less any attorneys fees paid prior to filing; such disbursement to be made from proceeds available and paid to the Trustee by Debtor, or on Debtor's behalf, after the deduction of any unpaid filing fees and payment of Trustee's fees and expenses;
> (b) Trustee is authorized to disburse the balance of any such

---

[1] In this case the Trustee has paid more than $1,500 to Debtors' attorney without making disbursements to other creditors. The Trustee explained the overpayment resulted from a computer error. The Trustee advised the Court the computer program will be updated to prevent future errors, and she will recapture and redistribute the overpayment of attorney fees in this case.

> attorneys fees under Debtor's plan in an amount not to exceed the lesser of $125.00 or 40% (percent) of the monthly plan payment (excluding any current house payment in the plan), beginning in the month following the first plan distribution set forth in (a) and continuing monthly thereafter until paid[.]

Admin. Ord. at 2, Bankr. M.D. Ga., July 28, 2006.

Fidelity and the Trustee urge different interpretations of the order. Fidelity argues that after the first disbursement under the plan, the Trustee is limited to paying Debtors' counsel the lesser of $125 or 40% of the plan payment. The Trustee argues she may disburse all plan payments to Debtors' counsel over the months following the initial disbursement until the initial $1,500 balance is satisfied, and then she begins the limited attorney fee payments specified in (b) in future disbursements.

The disagreement over interpretation of the plain meaning of the administrative order is reasonable. However, the Court need not decide which party put forth the correct interpretation. In this case, Fidelity stipulated that it was aware of the Trustee's interpretation of the administrative order at the time of confirmation. If it had an objection to that interpretation, it should have raised its concerns by way of objection to confirmation. Once the plan was confirmed, Fidelity was bound by the Trustee's interpretation of the administrative order. See 11 U.S.C. § 1327(a). Consequently, the Court will deny Fidelity's motion to compel. However, if the Trustee fails to remedy the computer accounting error described in note 1, Fidelity may seek redress by a future motion.

An Order in accordance with this Opinion will be entered on this date.

END OF DOCUMENT